# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GWENDOLYN RAMSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0144** (BOR Appeal No. 2049749)
            (Claim No. 2012024476)

**LOVED ONES IN-HOME CARE, LLC, & ALLIED NURSING & COMMUNITY SERVICES, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Gwendolyn Ramsey, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Loved Ones In-Home Care, LLC, & Allied Nursing & Community Services, LLC, by Katherine H. Arritt and Jeffrey B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2015, in which the Board affirmed an August 19, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 11, 2013, decision denying Ms. Ramsey's request to reopen her claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ramsey began working as an in-home care provider for Loved Ones In-Home Care, LLC, in January of 2011. Dating back to 2002, Ms. Ramsey had received treatment for severe pain in her left shoulder radiating into her hand. Several years later, in the beginning of 2008, an x-ray and MRI were taken of her cervical spine which revealed that she had arthritic changes at the C4-5, C5-6, and C6-7 discs as well as a small disc protrusion at the C2-3 disc. On October

1

24, 2011, she injured her left shoulder while assisting a ninety-one year old patient out of a wheelchair. Ms. Ramsey was seventy-two years old at the time of the injury. Ms. Ramsey filed an application for workers' compensation benefits based on this injury, and the claims administrator held her claim compensable for a left shoulder sprain. The claims administrator also paid Ms. Ramsey temporary total disability benefits and authorized physical therapy for six weeks. Following the injury, an MRI was taken of Ms. Ramsey's left shoulder which revealed degeneration in the acromioclavicular joint. It also revealed glenohumeral joint degeneration. Patrick Hill, M.D., who interpreted the MRI, also found that Ms. Ramsey had an incomplete tear of the supraspinatus and infraspinatus tendons of the left shoulder.

Ms. Ramsey was then treated by Marietta Babayev, M.D., who found that her ongoing shoulder and neck pain was consistent with the left shoulder rotator cuff tear revealed in the MRI as well as cervical radiculopathy. Dr. Babayev then referred Ms. Ramsey to Bruce Haupt, M.D., for a surgical consultation. Dr. Haupt found that the MRI and x-ray of her left shoulder revealed a near complete tear of the supraspinatus tendon as well as significant acromioclavicular joint arthrosis. Dr. Haupt, however, recommended continued physical therapy to treat her conditions. He stated that he would re-evaluate her for surgery if physical therapy failed to reduce her pain. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Ramsey. He found that she continued to have pain and limitation of the range of motion in her left shoulder. Dr. Mukkamala diagnosed her with a sprain of the left shoulder, but he noted that she had pre-existing degenerative joint disease in her shoulder that could have caused her tendon tears. Dr. Mukkamala believed that she had reached her maximum degree of medical improvement related to her left shoulder strain, and he recommended no further treatment other than a home exercise routine. Following this evaluation, Dr. Haupt treated Ms. Ramsey again, and he found that her pain had gotten worse. He felt that surgery was needed to reduce Ms. Ramsey's pain and improve her functionality. He recommended arthroscopic surgery to remove the overhanging bone spurs on the acromion. He also recommended an arthroscopic rotator cuff repair.

Based on Dr. Haupt's treatment notes, Dr. Babayev filed a request to have Ms. Ramsey's claim reopened for additional temporary total disability benefits. She found that Ms. Ramsey had adhesive capsulitis of the left shoulder and cervical neuritis in addition to the left shoulder sprain with which she had previously been diagnosed. Dr. Babayev believed that Ms. Ramsey was temporarily and totally disabled from July 9, 2013, to September 30, 2013, because of these conditions. On September 11, 2013, the claims administrator denied Dr. Babayev's request to reopen the claim because there was no evidence that Ms. Ramsey had suffered an aggravation or progression of her compensable left shoulder strain. Kenneth Fortgang, M.D., also reviewed Ms. Ramsey's MRI report. He found that the degeneration in her acromioclavicular joint was a more likely cause of her rotator cuff tear than a one-time acute injury. He believed that there was no evidence that her rotator cuff tear was related to the compensable injury.

Marsha Bailey, M.D., then reviewed Ms. Ramsey's records. She agreed with Dr. Mukkamala that Ms. Ramsey had reached her maximum degree of medical improvement. She found that the MRI in the record showed marked degenerative changes in the acromioclavicular joint as well as degenerative humeral cysts. Dr. Bailey then issued an addendum report in which she found that Ms. Ramsey's left shoulder pain was related to degenerative changes which pre-

existed the work injury. She found that Ms. Ramsey's left shoulder sprain had resolved, and her ongoing complaints were solely the result of degenerative joint disease and osteoarthritis. Dr. Bailey found that these conditions were not surprising considering Ms. Ramsey's age. Dr. Bailey believed that Ms. Ramsey did not suffer a progression or aggravation of her compensable injury. On August 19, 2014, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 23, 2015, leading Ms. Ramsey to appeal.

The Office of Judges concluded that Ms. Ramsey's condition was the result of a progression of her non-compensable degenerative joint disease and osteoarthritis rather than the compensable sprain she suffered on October 24, 2011. Because her disability was related to a non-compensable condition, the Office of Judges concluded that it could not grant her additional temporary total disability benefits. The Office of Judges based its conclusion on the MRI and x-ray evidence in the record which showed that the claimant had significant degenerative joint disease in her left shoulder and cervical spine. It further determined that her degenerative conditions were symptomatic prior to the date of the compensable injury and were not caused by the compensable injury. The Office of Judges also based its decision on the opinions of Dr. Mukkamala and Dr. Bailey. It found that their opinions were supported by the radiological reports of Dr. Fortgang and Dr. Haupt. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Ramsey has not demonstrated that she is entitled to have her claim reopened for additional temporary total disability benefits. She has not presented sufficient evidence to justify an inference that there has been a progression or aggravation of her compensable injury. *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). The evidence in the record indicates that Ms. Ramsey's current complaints are related to the degenerative changes in her cervical spine and left shoulder. The evidence in the record further indicates that these degenerative conditions were symptomatic prior to the date of the compensable injury and are not related to her compensable left shoulder sprain. The reports of Dr. Mukkamala and Dr. Bailey are consistent with the evidence in the record, and the Office of Judges was justified in relying on their opinions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II